UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESLEY A. BINGHAM,

    Petitioner,

v.                                        Case No.:  2:22-cv-508-SPC-KCD

DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Wesley A. Bingham's Petition for a Writ of Habeas Corpus. (Doc. 1). Bingham filed the Petition while a pretrial detainee in the Lee County Jail. He challenges his detention on state charges in Florida's 20th Judicial Circuit Court in and for Lee County, case number 2020-cf-16218, claiming his attorneys have not provided him with discovery. The state court docket reflects Bingham's criminal case remains pending.

As a preliminary matter, the Petition is not cognizable under § 2254 because, as a pretrial detainee, Bingham is not "in custody pursuant to the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because Bingham is a pretrial detainee, the Court construes the Petition as being brought under § 2241. *Medberry*, 351 F.3d at 1060 (discussing the differences between § 2254 and § 2241 and applying § 2241 to pretrial detainees); *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). Nonetheless, Bingham is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson,* 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris,* 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Bingham provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[2]

---

[2] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Bingham is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Bingham must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Bingham has not made the requisite showing.

---

occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid*.

Accordingly, it is now

**ORDERED:**

1. Wesley A. Bingham's Petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment for Respondent and against Petitioner, and close this file.

3. Bingham is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on August 23, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     FTMP-1
Copies:   All Parties of Record